JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 16-9273 PA (SSx) | Date | December 20, 2016 |
|---|---|---|---|
| Title | Jose Macias v. Anthony Ray Del Toro, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Stephen Montes Kerr | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Preciousa Natalia Rios ("Removing Defendant"). In his Complaint, plaintiff Jose Macias ("Plaintiff") alleges a single state law claim for unlawful detainer against Removing Defendant and Anthony Ray Del Toro. Removing Defendant, who is appearing pro se, asserts that this Court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.[1]

A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, a defendant bears the burden of proving that the district court has subject matter jurisdiction. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). "Federal courts are courts of limited jurisdiction," having subject matter jurisdiction over only those matters authorized by the Constitution and Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Subject matter jurisdiction based on diversity of citizenship requires complete diversity and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978), superseded by statute on other grounds.

Complete diversity demands that each plaintiff be a citizen of a different state than each defendant. Owen Equip. & Erection Co., 437 U.S. at 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274. To establish citizenship for diversity jurisdiction purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). A person is domiciled in the place he or she resides with the intent to remain or to which he or she intends to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Here, Removing Defendant states "Defendant alleges Plaintiff does not reside in this state." (See Notice of Removal 2.) Removing Defendant fails to identify her own citizenship or that of her co-defendant. Her allegation is insufficient to establish the citizenship of any of the parties or to establish

---

[1] Removing Defendant also alleges that "removal is pursuant to Rule 11 of Federal Rules of Civil Procedure." (Notice of Removal 2.) However, Rule 11 does not create removal jurisdiction, nor is it a basis for subject matter jurisdiction. Therefore, the Court concludes that this rule was cited in error.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-9273 PA (SSx) | Date | December 20, 2016 |
|---|---|---|---|
| Title | Jose Macias v. Anthony Ray Del Toro, et al. | | |

complete diversity as required to invoke diversity jurisdiction. See Kanter, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").

Diversity jurisdiction further requires that the amount in controversy exceed $75,000. "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); Amaratunge v. Honeywell Int'l, Inc., Case No. CV 16-04023 RGK (JCx), 2016 WL 4435078, at *2. "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). "Conclusory allegations as to the amount in controversy are insufficient." Matheson, 319 F.3d at 1090–91; Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997).

When determining the amount in controversy, the Court must assume that the allegations in the complaint are true and that a jury will return a verdict in plaintiff's favor on all of the claims in the complaint. Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (emphasis in original).

Here, Plaintiff seeks past-due rent of $1,025, forfeiture of the lease, and damages at the rate of $34.16 per day from December 1, 2016. (Complaint 2.) Plaintiff also indicates that the "[a]mount demanded . . . does not exceed $10,000." (Id. at 1.) Therefore, on the Complaint's face, the amount in controversy is less than the statutory minimum.

Removing Defendant does not allege that Plaintiff's damages exceed the jurisdictional minimum; instead, she contends that she will suffer damages that exceed $75,000 if she is evicted. (See Notice of Removal 2 ("[D]amages as a result of an unfair eviction will exceed [the statutory minimum].").) To the extent Removing Defendant is asserting that she has a counterclaim and that her damages under that claim would amount to more than $75,000, unlawful detainer actions are summary and do not allow for counterclaims.[2/] See Cazares v. Ortiz, 109 Cal. App. 3d Supp. 23, 32 (1980) (citing Moskovitz, The

---

[2/]   In addition, while the Ninth Circuit has not yet ruled on the issue, district courts in this Circuit have agreed that damages alleged in counterclaims cannot satisfy the amount in controversy requirement when a case has been removed. See, e.g., Dir. RLA v. Cape Cod Biolab Corp., No. C-01-3675 PJH, 2001 WL 1563710, at *3 (N.D. Cal. Nov. 30, 2001); Franklin v. Car Fin. Servs., Inc., No. 09cv1361–LAB (AJB), 2009 WL 3762687, at *2 (S.D. Cal. Nov. 9, 2009); Frantz v. Midland Corp. Tax Credit III L.P., Case No. 2:14-cv-00138-EJL, 2014 WL 4656475, at **6–7 (D. Idaho Sept. 17, 2014); Mesa Indus. v. Eaglebrook Prods., 980 F. Supp. 323, 325 (D. Ariz. 1997).

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 16-9273 PA (SSx) | Date | December 20, 2016 |
|---|---|---|---|
| Title | Jose Macias v. Anthony Ray Del Toro, et al. | | |

<u>Implied Warranty of Habitability: A New Doctrine Raising New Issues</u> (1974) 62 Cal. L. Rev. 1444, 1472). Furthermore, her allegation that the statutory minimum will be met is conclusory and, as such, cannot support diversity jurisdiction. Thus, Removing Defendant fails to establish that the amount in controversy exceeds the statutory minimum.

      For the foregoing reasons, Removing Defendant has failed to meet her burden of establishing federal subject matter jurisdiction. Accordingly, this action is remanded to Los Angeles County Superior Court, Case No. 16UR2894. <u>See</u> 28 U.S.C. § 1447(c). The Court denies Removing Defendant's Request to Proceed in Forma Pauperis as moot. (<u>See</u> Docket No. 2.)

      IT IS SO ORDERED.